Welcome back. Thank you. You look like the last guy. Look different. Third time this week, actually. Thank you, Your Honors. Again, my name is David Ness. I'm with the Federal Defenders of Montana, and I represent the appellant in this case, Mr. Nation. This case, like the one before it, involves a defendant who was convicted of aggravated sexual abuse following a jury trial. Mr. Nation was convicted of molesting his two stepchildren. The primary issue in this appeal involves the government's decision to call Stephanie Knopp, who was a social worker and employed by the FBI, to testify that child victims of sexual abuse commonly delay reporting that they've been abused. There are a number of sub-issues that have been raised in connection with this primary issue, but I'd like to concentrate on three of those. First, I think where we need to start is whether the district court properly found that Ms. Knopp's testimony was, in fact, proper rebuttal. In this regard, I think if you look through the trial transcript, you can see the government in its opening statement telling the jury that these children didn't come forward because they were afraid, they were embarrassed, and acknowledging at that point that they delayed reporting. During direct examination of several of the government's witnesses, which is, I think, the mother, Lucille Plentyhawk, JRSN and ERW, it was established that there was the government themselves established that there was a delay. During cross-examination of those witnesses, the defense brought out the fact that there was a delay in reporting. Well, you concede, though, that the defense witnesses created the inference that because the victims didn't disclose years ago, they were not telling the truth at trial, right? I mean, there are – I mean, you have to – that has to be there. I mean, if you don't tell right away, what – you know, the jury is going to – well, why didn't you tell right away if it was so bad, right? I think trial counsel characterized it, and I think it was a correct characterization, that essentially those witnesses were testifying to things that they saw and things that – when the abuse was allegedly occurring. And even as the district court – But they testified as to what they saw, or rather didn't see. Correct. And they also testified as to what they didn't hear. That there had been no reports. That is correct. Yeah. But of course, all of that stuff was out during the government's case in chief. I mean, the government itself brought up the fact that there had been delay in reporting. Right. But putting on five witnesses and defense, and basically that being your entire defense, that all these very close family members over a sustained period of time knowing these children very well, never seen or heard anything, particularly never heard anything from the child, I think the clear inference as to why that's put on is, well, you know, if none of these people saw anything and if the children never said anything to these people who they should have, if they really happened, they would have told these people who were close to them. I mean, that's why that evidence is put in there. But as the district court judge acknowledged, though, those witnesses primarily testified that they had been around the children in 2004, 2005 when the abuse allegedly occurred, and their contact with those children was limited after that period of time during the three or four years that the children still didn't report until 2008 and 2011. I guess you conceded you contend that you did not open the door, right? So to expert rebuttal testimony, that's your position. But as you concede that the defense witnesses created an inference that the victims were not telling the truth because they failed to disclose the abuse immediately, I guess, is your argument essentially that the defense was so obvious to the government that they should have anticipated it? Well, I think the defense and the fact that these children delayed reporting was out there during the government's case-in-chief. And that's when, because we're essentially talking expert testimony here that has strict disclosure requirements under Rule 16. And if the government was going to present that testimony, it should have done so during its case-in-chief rather than kind of lying in wait, if you will, to bring it on in rebuttal. Would that allow the government? How much of Ms. Knapp's testimony would be characterized as expert testimony as distinct from testimony coming out of her own direct experience? She referenced studies and things of that nature and talked about upwards of 80 percent of children don't immediately disclose. Right. But some of what she's talking about is her own experience. But some of it, I think, really is expert in the sense of she's talking about what the studies say and so on. How clean was your objection on the ground that, wait a minute, this is not merely rebuttal, but this is expert testimony in rebuttal? Trial counsel, as I recall, did object to the government. The emphasis of his objection was that it was improper rebuttal. But he did make reference to the fact that the government was calling her as an expert and that the government had not complied with its notification requirements. Let me ask you this. It sounds like your main argument, I know you have other arguments, too, but your main argument that you've been discussing is that basically this was out of order, should have been presented earlier rather than when it was. It was out of order. And by doing that, it really prejudiced the defendant, because the defendant was not going to be able to do that. And I'm not going to go into any more of that in a second. But it seems to me, you open up any evidence treatise in the first chapter, they tell you the judge has a great deal of discretion in permitting testimony to come in out of order. He can take defense witnesses out of order. I mean, this happens every day of the week to accommodate schedules and whatnot. Why was this not just — why was this an abuse of discretion to have allowed rebuttal? Well, it's one thing to take fact witnesses out of order and to allow that sort of thing to happen. It's another thing to take an expert out of order, someone that should have properly been identified as an expert, and put the expert at risk. Why is that? Well, because you ask for serve rebuttal to respond to it. How do you prepare for serve rebuttal, though, Judge, when you're not even aware that the government — the government specifically stated in its Rule 16 letter that it wasn't going to call an expert? And then later on, they said, well, we don't need an — we don't need to identify experts that are called in rebuttal. But when you call five witnesses to testify that the kids never disclosed any abuse in the years following the incident, you're making — you're making the opposite argument of what most people make. Most people say, hey, you should have done it. And most defense attorneys say you needed to do that in rebuttal as opposed to the case in chief. And you're flipping that. But no one in a court of law has carte blanche to say you can put your defense on, but the other side gets to respond to it. And particularly in the case of — well, I guess now there's reciprocal discovery. But back in the day when I was trying cases, you never even got to know what the other side was doing. So you just sat there biting your nails waiting to hear what it was. But when you call five witnesses that say the kids never disclosed and with the inference that therefore it's not true, you can't — that seems like the barn door just flew open. The barn door was already open, though, Your Honor, when the government made its opening statement, when the government put on its witnesses to all testify that there had been a delay in reporting. The government — I mean, the government opened up the door, you might say, by calling — in calling its witnesses and having that testimony come out. Kagan Just by virtue of the fact that they didn't immediately report, they have to know what your defense would be? And do it there as opposed to — what if that wasn't your defense? What if you didn't call those people? What if you never even raised that part of it? Then they might not want to call that witness. Well, I guess in that case, I think Judge Stiebel probably would have said it isn't rebuttal at all. But I guess my point here is that by calling this witness out of order, it essentially allowed the government to evade its notification duties. And, you know, at least as long as I've been practicing in Federal court, you're right. When I was in Tennessee, I went to court sometimes with two pieces of paper. But we did get notification of the experts, and we were allowed to have that. And here, they didn't have that because they called the expert on rebuttal rather than calling the expert during their case in chief. Here's my problem with what the government did. It is not that they called Ms. Knapp in rebuttal, and it's not that Ms. Knapp was allowed in rebuttal to testify to her own experience. It is that as part of the rebuttal, she was allowed to testify as an expert without prior notification that they were going to use an expert and with no Daubert qualification. So I view allowing her to testify as an expert as an error. I've got two questions, and I've asked one already, and I'm not sure I've got a clean answer. Maybe there is none. I'm trying to figure out whether we review allowing her to testify as an expert for plain error or not. It's hard for me to see the nature of the objection that was made. It appears to me that the thrust of the objection to having her testimony was not that she's going to testify as an expert but rather that she is going to testify at all. So I'm on the fence as to what kind of review we give it. My second question is, assuming that we review it either plain error or, you know, Daubert qualification, how great an impact was it that she did testify at least as to some things as an expert, as to the studies? For example, the most prominent one, it seems to me, where she says in 80 percent of the cases, there's a significant delay. So help me understand how harmful her expert testimony was. Well, I guess I have to rely a little bit on what's not on the record, because what I would say is that defense counsel wasn't able to cross-examine her. For instance, when she's citing these studies, he couldn't ask her about those studies, find out what the data set is, find out how the other. Did he object to that? Excuse me? I understand there was no objection made to that. And the question is, how specific was the objection? I'm reluctant to make the admission, but yes, you're right, Judge Fletcher. I don't believe that there was a direct objection, for instance, under Daubert or something, that she shouldn't testify as an expert. I don't believe that was made. Let me follow up on Judge Fletcher's question. If we agree, I understand you don't agree, but if we were to agree that the judge had the discretion to allow this rebuttal, okay, we'll assume it's valid rebuttal, then am I right that under Rule 16 there doesn't have to be a disclosure of the expert? If it was proper rebuttal. You don't have to – in other words, they don't have to disclose rebuttal experts. Isn't that true under Rule 16? That – that is normal. Everything hinges on whether this was appropriate rebuttal or not. Whether it was appropriate rebuttal and whether, right, whether it was appropriate to call this expert on rebuttal. Well, there's also Daubert qualification, and Daubert qualifications, and that's correct. Okay. Did you want to reserve your time? Thank you, Justice. Okay, thank you. Morning, Your Honors. Chad Spraker for the United States. Morning. I'm going to go straight to Judge Fletcher's comment about whether this defense expert properly testified, assuming that she was a proper rebuttal witness in this case. As you alluded to, Judge Silverman, Rule 16 requires a witness to be disclosed in the government's case in chief. At that point in this case, the government is effectively telling the court that our case is over, that we presented the evidence that we submit proves our case beyond a reasonable doubt. It is invulnerable to a Rule 29 motion and, of course, the test the jury must apply to the case by taking that case back to the jury deliberation room to decide whether we've proven our case. At that point, the government is essentially saying our case is done. The defense in this case, as you alluded to, Judge Callahan, it didn't – the government simply doesn't know what the defense is going to do in a case such as this. It could present no case. It could present a case that attacks the victim's credibility in other ways, such as their motivation for coming up with the sexual abuse. And I believe, although this wasn't – it didn't come up in briefing, there was evidence that perhaps Jane and BN didn't really get along with their father in some ways and their credibility was attacked through a defense witness in that manner. However, what the government cannot do is anticipate how the defense is going to proceed with this case. And through the Court's questioning about five witnesses, it was actually six witnesses that were put on in succession and asked, did you have contact with these children around 2004 and 2005? And did they ever say anything to you about being sexually abused? And each one of these witnesses said, no, they said nothing to me. It's really hard to know how the door could have been opened any further as to the victim's credibility in this case with respect to that argument. And the government put on Stephanie Knapp as an expert witness, and this is somebody who's had contact or experience with these issues for some 20 years, has interviewed thousands of children who have been victims or witnesses to trauma, and was able to testify from her experience that this is just something that doesn't come out right away. Well, I'm having a little trouble understanding exactly what you just said. They put her on as an expert, and then she testified from her own experience. I may be misunderstanding our law on this point, but my understanding, and you can correct me if you like, if someone is testifying as to their own experience, like this is what happened, this is what I have seen, that may not be expert testimony. But as soon as she starts testifying as to what the studies say and so on, that's clearly expert testimony. And I would agree with that. And I think the touch point... No, you never made any effort to qualify her as an expert. In Federal court generally, my experience has been that there's not the formal qualification where, such as you would have in like a Rule 104 hearing where the witness has to testify outside the presence, oftentimes the jury, and the judge makes a gatekeeping decision about whether under Daubert this person is relying upon reliable methods and it's relevant to the case at hand. In this case, there wasn't such a hearing because I would submit that Stephanie Knapp, as being somebody who is, through her experience, somebody who has a lot of experience with victims of childhood sexual abuse, that she could testify reliably upon that experience. Are you telling me, and you can just educate me on the point, and Mr. Ness is capable of educating me to the contrary if he disagrees, that the practice, even with experts who are announced as experts, testify as experts, that in a criminal case we don't have Daubert hearings? No. It's not necessary. The judge can have a 104 hearing if he chooses to. In this case, the witness was allowed to testify, and she did. Can the defendant ask for a Daubert hearing? No. Or is it just that the defendant typically doesn't ask? No. The defendant did not ask in this case. No, no. I'm asking something different. I'm asking the generic case. Let's say that the government has an expert witness that they wish to put on and the saying not an expert. Can the defense ask for a Daubert hearing and then get it? Or is it just that in the general run of cases they don't ask, they just allow the assumption that this is an expert? So what's the practice? Yes. If the defense does not ask for a Daubert hearing, the practice in my experience is that the judge will allow the expert to testify, and then the government will then establish the expert's qualifications. And as stated in the Kumho-Tyre case, I believe, and also the Hankey case. And is the practice in the district courts in Montana such that if the defendant asks for a Daubert hearing, the defendant will get it? I do not. I do not know that for sure, Your Honor. It would depend on the kind of expert. If this were a physician testifying about reading an X-ray, there probably wouldn't be such a hearing. Yes. Because at that point, I think everybody assumes he's an expert. I mean, what's the point? Right. Right. Well, but upon the proper showing, they're not prevented from saying, I don't think that this person has expert, you know, that they can ask for something outside the presence of the jury before the person gets up there and blurts out whatever they're going to say. Right. And if there's plausible grounds to show that this is not somebody that can testify reliably as to their opinion about when victims of sexual abuse would typically disclose, I would imagine the defense would be objecting and saying that under Rule 702, the Daubert and the Kumho-Tyra analysis, that this person shouldn't be testifying at all. But I would submit that the government did make a record in this case as to Stephanie Knapp's experience, and therefore allowed her to testify reliably as an expert. So the challenge here from your standpoint was the challenge was you shouldn't be allowed to put on rebuttal testimony, not that you shouldn't, that she did not have the adequate expertise to state what she said. The government believes that she was well qualified as an expert. Well, but what was the defense objection? How do you interpret their objection? It was that this was not proper rebuttal evidence. And frankly ---- Because you didn't anticipate it. You should have called it in your case in shape. That's essentially what the defense ---- And essentially that you were doing through the back door, which ---- because through the front door, you would have had to disclose the expert. On rebuttal, you can just make that decision after you hear the case. And, you know, hindsight is always 20-20. I mean, the defense can say that the government should have known this is what was going to happen. But in my experience in Montana, usually the witness list is exchanged sometimes right before trial. And we don't know simply what the defense is going to be. Sometimes they're disclosed in a trial brief. But it may be the case that we don't know who is going ---- what the defense is going to be until they're actually testifying at the day of trial. And the government, as the party with the burden of proof, does have a right to respond to what the defense puts an issue. And clearly through this case, I think that's exactly what the defense was doing. So records show whether you just rounded this ---- that the ---- you just rounded this person up after you heard the defense. It was someone that you said, uh-oh, we better bring someone in. Or does it show whether the person was previously under subpoena or ---- Stephanie Knapp was a FBI forensic interviewer. She is a forensic FBI interviewer. And she was disclosed as a fact witness in this trial before the government's case in chief. When she was not called, she interviewed one of the victims in this case for whatever the assistant U.S. attorney that tried this case decided that she didn't need to be put on. At that point, after the ---- So she was a fact witness already. Correct. She interviewed one of the victims in this case. Right. So the defense was aware that she was one of the government's witnesses before it went into trial. I believe that covers the Rule 702 argument. As you stated, Judge Silverman, Rule 16 does not provide for disclosure of expert witnesses in rebuttal. And I would note, I looked it up in the revisions to Rule 16 that come into effect in December. It's the same rule, that this is the government's obligation only for witnesses in its case in chief. There was no improper bolstering in this case. Stephanie Knapp's testimony concerned only when victims of sexual abuse typically disclosed. There was no discussion about did you find this victim credible, were they telling the truth. This was simply testimony as to really I think what is common sense, that a child under the care of a parent isn't likely to go to an outsider who's somebody who they're not under the care of to talk about what's going on. And I think likely the jury probably could have come to that conclusion on its own. In reality, Stephanie Knapp's testimony, while the government did present her as a rebuttal witness in response to what the defense was saying, wasn't really that crucial to the government's case. The confrontation clause issue, this was not testimonial in terms of the sources that she was relying upon. She was free to be cross-examined. And finally, the sentence was reasonable in this case. If there were an objection to her reciting what was in the literature, should that objection have been sustained? If there had been an objection. In the government's research into this issue, it's actually almost very similar testimony has been before the Court in three cases. And those would be the cases of Binder, Bighead and Anton that said that witnesses are permitted to testify to what they know about child sex abuse victims in terms of literature that's in the field. So, frankly, this has been addressed by the Court before and rejected. Well, you could object and ask for a continuance at that point if you wanted to go read the literature and cross-examine them. I mean, I'm not saying the Court would grant it. I don't know, you know, I can't put myself there. But no one is prevented from, at that point, if what they're claiming is I wanted to cross-examine the damages, I didn't get to cross-examine them on those articles. That's an objection that can be interposed, correct? The objection could have been made. It wasn't in this case. And the district court did ask the defense whether it wanted to present any evidence since the rebuttal, and it declined. If the Court doesn't have any further questions, go ahead. I don't see the rest of my time. Thank you, Mr. Spicer. Thank you. Back to you. To answer the Court's questions regarding Dauber hearings, we do, if we ask for a Dauber hearing, I guess depending upon the type of expert, we do ask for Dauber hearings and we get Dauber hearings. That wasn't done in this case, obviously, because we didn't know that there was going to be any expert, expert testimony. But there was nothing preventing you, when she starts to testify as to things that are really expert testimony, there was nothing preventing you or the defense player at the time from saying, wait a minute, this is expert testimony, I want Dauber. It's just, it came out so quickly. I understand the sort of the dynamic as to why it didn't happen, but there was nothing just foreclosing the possibility that the defense lawyer says, wait a minute, this is not just ordinary rebuttal, this is expert testimony, hold the phone. Defense counsel wouldn't physically restrain. I would agree with that. The government, but when there was an argument over Ms. Knapp testifying, the government stated that she was going to testify based upon her experience and training. The government never mentioned anything about her citing these stories. Kennedy. But she kind of goes outside what Judge Siebel anticipated and gave permission to testify to. And what the government represented, she was going to say. And it was, at the very least, if she wasn't testifying as an expert, her referencing what these studies and things say is hearsay, at the very least. She's there as an expert. I think she can testify to that, but not other ones. You know, in truth, anyone that does these type of cases, then it's right up front out there that if there's any delay, that that's going to be an issue. And I really find it hard to believe that either side would be surprised by that. And I don't think either side was. That cuts both ways. So why, especially when the government. Well, that's the other thing. You know, Judge, if you're going to try my case, would you please not lose it? Or, you know, does the judge intercede and say when you have to call things if, in fact, it's. In my view, it's clearly proper rebuttal. If you look at what was said, you get to say more. Can the judge compel a prosecutor, I think you should do it earlier, just like the judge compelled the order of things. If, in fact, I don't think you can dispute that you did raise the issue in the defense case that they didn't report right away. And anyone that does these type of cases knows exactly what that means and what the inference is. If it were true, why didn't you report right away? But remember, and maybe I have to, if I can have a second. Back up just a little more what, you know, what I may have said earlier. Defense, this witness did testify as an expert, I think. And defense counsel did. And one of the objections he made, and I'll just read, he says, the government is not anticipating, and that is that the government is not anticipating calling Stephanie Knapp as a rebuttal witness. I guess, in my opinion, Stephanie Knapp's rebuttal testimony would be that of an expert and an expert in determining reactions as far as what child abuse victims go through. There hasn't been any disclosure, any notice of expert in this case. So there was an objection to her testifying as an expert, and then she came out and made reference to these studies. It doesn't sound like I was an expert as to qualifications. Okay. Thank you. Thank you. I have nothing to add. Thank you. Thank you. The case just argued is submitted. The next case, United States v. Castro, is submitted on the briefs. We'll stand in recess for about five minutes.
judges: Silverman, Fletcher, Callahan